UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON HILDRE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HEAVY HAMMER, Inc., et al.,<br><br>Defendants. | Case No.: 3:20-cv-00236-L-LL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION TO TRANSFER VENUE (DOC. NO. 5)** |

Pending before the Court is Defendants' motion to dismiss and motion to transfer venue. Plaintiff filed an opposition and Defendants replied. The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L. R. 7.1. For the reasons stated below, the Court **GRANTS** the motion to dismiss **WITH LEAVE TO AMEND** and **DENIES** the motion to transfer venue **WITHOUT PREJUDICE**.

**I.  BACKGROUND**

On February 7, 2020, Plaintiff filed this civil action against Defendants. (Doc. No. 1, Complaint ("Compl.") ¶ 1). The Court has subject matter jurisdiction pursuant to 28 U.S.C. section 1331.

Defendants are Maryland companies that offer marketing services to various professionals. (Compl. ¶¶ 6, 8, and 10). Plaintiff contends Defendants violated the Telephone Consumer Protection Act ("TCPA"). Specifically, Plaintiff asserts Defendants used an automatic telephone dialing system ("ATDS") to call him without his prior consent. (*Id*. at ¶¶ 1 and 19).

Plaintiff relies on two phone calls to support his claim. (*Id*. at ¶¶ 15-16). On June 15, 2019, Plaintiff received a call from Defendants. (*Id*. at ¶ 15). Plaintiff asked them to remove him from the call list. *Id*. On December 3, 2019, Plaintiff received another call. (*Id*. at ¶ 16). Plaintiff alleges there was a "noticeable pause" after he answered the calls. (*Id*. at ¶ 18).

Plaintiff has never engaged in business with Defendants. (*Id*. at ¶ 12). He also never provided them with his cell phone number. (*Id*. at ¶ 13).

## II.  DISCUSSION

### Motion to Dismiss.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A claim is plausible when the plaintiff pleads sufficient facts from which the court can reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court must assume the factual allegations are true and construe them in favor of the plaintiff. *Mujica v. AirScan Inc.*, 771 F.3d 580, 589 (9th Cir. 2014). However, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Twombly*, 550 U.S. at 555. Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

To successfully plead a TCPA claim, a plaintiff must allege the defendant called them using an ATDS without their prior consent. *See* 47 U.S.C. § 227; *Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 804 (9th Cir. 2017).

Defendants argue there are insufficient factual allegations to plausibly suggest they used an ATDS to call Plaintiff. (Doc. No. 5, Motion to Dismiss at 10). An ATDS is equipment that has the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a).[1]

It is common for a plaintiff to lack inside knowledge about a defendant's internal operations or equipment. However, a plaintiff cannot rely on conclusory allegations. *See Twombly*, 550 U.S. at 555; *Armstrong v. Investor's Bus. Daily, Inc.*, 2018 U.S. Dist. LEXIS 216246, at *15 (C.D. Cal. 2018) ("allegations [that] are mere recitation of the legal definition of an ATDS" are insufficient). The complaint must contain sufficient factual allegations to state a plausible TCPA claim. *Freidman v. Massage Envy Franchising*, LLC, 2013 U.S. Dist. LEXIS 84250, at *7-8 (S.D. Cal. 2013).

Here, Plaintiff received two calls from Defendants. (Compl. ¶¶ 15-16). The first call occurred on June 15, 2019. (*Id.* at ¶ 15). The second call occurred on December 3, 2019. (*Id.* at ¶ 16). Plaintiff alleges there was a pause after he answered each call. (*Id.* at ¶ 18). But given the isolated nature of the calls, that allegation does not raise the assertion that Defendants used an ATDS above a speculative level. *See Abitbol v. Homelink*, 2020 U.S. Dist. LEXIS 159469, at *9 (C.D. Cal. 2020) ("without more, one phone call and one pause do not support a shift from speculation to plausibility, as

---

[1] The Supreme Court is set to resolve a circuit split related to the definition of ATDS. *See Facebook Inc. v. Duguid*, Docket No. 19-511 ("whether the definition of ATDS in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator.'")

1  required under the pleading standard."); *Smith v. Aitima Med. Equip., Inc.*, 2016 U.S.
2  Dist. LEXIS 113671, at *14-15 (C.D. Cal. 2016).[2]
3      Plaintiff also relies on an allegation that Defendants used a California phone
4  number to mask their identity. (*See* Doc. No. 6, Opposition at 6). However, the Court is
5  not convinced that is relevant to whether the ATDS claim is plausible. *See Waterbury v.*
6  *A1 Solar Power Inc.*, 2016 U.S. Dist. LEXIS 74222, at *7-8 n.3 (S.D. Cal. 2016) (noting
7  when dismissing a TCPA claim that "whether [a defendant] or their equipment disguised
8  their phone number is not probative of whether [the] equipment meets the definition of an
9  ATDS under the TCPA.") Overall, the factual allegations do not plausibly suggest
10 Defendants used an ATDS. The Court therefore grants the motion to dismiss.
11     Plaintiff might cure the above deficiencies. The Court therefore grants him leave to
12 amend. *See* Fed. R. Civ. P. 15; *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///

---

[2] Plaintiff vaguely references other calls in the Complaint. (*See* Compl. ¶ 20). However, there are no factual allegations about them. *Id*. Plaintiff also does not rely on those calls in his Opposition. (*See* Doc. No. 6 at 4-5).

**Motion to Transfer Venue.**

Because the Court granted Defendants' motion to dismiss, it denies the alternative motion to transfer venue without prejudice.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** the motion to dismiss **WITH LEAVE TO AMEND** and **DENIES** the motion to transfer venue **WITHOUT PREJUDICE**.  Plaintiff has until **March 8, 2021** to file an amended complaint.  If he files that, Defendants have until the time set forth under Federal Rule of Civil Procedure 15(a)(3) to file a response, if any.

**IT IS SO ORDERED.**

Dated:  February 24, 2021

_____
Hon. M. James Lorenz
United States District Judge